## EL PUEBLO, DEMANDANTE Y APELADO, *v.* ECHAVARRÍA, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama en causa por infracción del Artículo 47 en relación con el 359 del Código Penal.

No. 1712.—Resuelto en julio 26, 1921.

MOTÍN—ACONSEJAR O AYUDAR EN LA COMISIÓN DE MISDEMEANOR—DENUNCIA INSUFICIENTE.—El hecho de haber el acusado dicho en un *meeting* lo que sigue: "* * * Camaradas, si el día dos de noviembre, 1920, día de las elecciones, si por casualidad Luis Texidor y otros, nos quieren traicionar para robarnos las papeletas y hacernos perder las elecciones nos tiramos a la calle y tiro a tiro la defenderemos," no constituye el delito previsto y castigado en el artículo 47 del Código Penal.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. C. Domínguez Rubio.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

La cuestión fundamental envuelta en este caso es la de si los hechos imputados al acusado constituyen un delito público.

La denuncia, en lo pertinente, dice así:

"Formulo denuncia contra Moisés Echavarría por el delito de infracción al artículo 47 del Código Penal, en relación con el artículo 359 del mismo Código (*misdemeanor*), cometido de la manera siguiente: Que en 16 de septiembre de 1920 y en el barrio 'Borinquen' de Guayama, P. R., dentro del distrito judicial municipal de Guayama, P. R., el citado Moisés Echavarría, allá por el día 16 de septiembre de 1920, y en ocasión de celebrarse un mitin de propaganda política, allí y entonces, ilegal, voluntaria y maliciosamente, aconsejó e incitó a las personas allí reunidas que cometieran el delito de Motín (*misdemeanor*), atacando juntas y sin autoridad de ley a Luis Texidor y otros, empleando fuerza y violencia, expresándose de la manera siguiente: Camaradas, si el día dos de noviembre, 1920, día de las elecciones, si por casualidad Luis Texidor y otros, nos quieren traicionar para robarnos las papeletas y hacernos perder las elecciones nos tiramos a la calle y tiro a tiro la defenderemos. Hecho contrario a la ley."

En mayo 29, 1907, esta Corte Suprema resolvió el caso de *El Pueblo* v. *Dessús et al.,* 12 D. P. R. 342. La opinión de los jueces de la corte no fué unánime. La mayoría sostuvo que "las palabras '*toda persona que aconsejare o ayudare a otro en la comisión de dicho acto, incurrirá en misdemeanor,*' contenidas en el artículo 47 del Código Penal, no pueden tener otra interpretación que la de que *toda persona que aconsejare a otra a que cometa dicho acto o le preste ayuda en la comisión del mismo* incurre en *misdemeanor;* cualquiera otra interpretación, y especialmente la de agregar las palabras '*en la comisión*' después de la palabra 'aconsejare,' sería forzada, pues el consejo se da *para que se cometa* el hecho, mientras que la ayuda se presta *durante su comisión.*"

La minoría sostuvo que: "el verdadero significado del estatuto es que algún crimen se haya cometido. Las palabras '*en la comisión*' no son susceptibles de ninguna otra interpretación. A más de esto, nadie puede ayudar a la comisión de un delito sin cometer también un delito. Las palabras 'aconseje o ayude' se usan de igual manera en la sentencia, por lo tanto, si se formula una acusación con arreglo

a esta sección, necesariamente debe presuponerse la ejecución por otro u otros, de algún acto, estando en la mente de los acusados la intención y el propósito de aconsejar el acto.''

Pasados los años, el 8 de julio de 1918, en el caso de *El Pueblo v. Pillot*, 26 D. P. R. 557, el tribunal, también por mayoría, ratificó la doctrina establecida en el caso de *El Pueblo v. Dessús, supra*. Partiremos, pues, de la base ya sentada, en la resolución de este caso, esto es, que basta el consejo sin que sea necesario alegar y demostrar que el crimen aconsejado se cometió para que exista el delito.

Ahora bien, para que un mero consejo pueda constituir un delito, tiene que ser dado en forma tal que lleve en sí mismo, en sus propias entrañas, el fuego del delito, la perversidad del crimen, y que sea capaz de incitar a actuar a otras personas. Esa es la situación que claramente presentaron los casos de *Dessús* y *Pillot* a que nos hemos referido, pero esa no es la situación que establece el caso sometido a nuestra consideración y resolución ahora. Además, leída bien la denuncia, examinadas las palabras que se alega que pronunció el acusado, es necesario concluir que ninguna de ellas constituye un consejo directo a otras personas. El acusado habla de sí mismo y de otras personas, ya que lo hace en plural, pero no aconseja a otros que hagan lo que dice que ellos harán. Tratándose de un caso criminal, la interpretación debe ser restrictiva y no extensiva.

Por virtud de lo expuesto, opinamos que la denuncia no imputa la comisión de un delito público, y en su consecuencia debe ser absuelto el acusado.

> *Revocada la sentencia recurrida y absuelto el acusado.*

Jueces concurrentes: Sres. Asociados Aldrey y Hutchison.

El Juez Presidente Sr. Hernández y Asociado Sr. Wolf firmaron conformes con la sentencia.